IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, v. **JON ANDREW MEYER**, Defendant. | 1:15-cr-00175-02-MC<br>1:14-cr-00148-01-MC<br><br>**OPINION AND ORDER** |

**MCSHANE, Judge**:

Defendant Jon Andrew Meyer moves to reduce his sentence. For the following reasons, Mr. Meyer's Motion to Reduce Sentence, ECF No. 37,[1] is DENIED.

## **LEGAL STANDARD**

Congress, through the First Step Act, amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to file a motion directly with the district court for compassionate release after exhausting all administrative remedies. The Court may reduce a defendant's sentence if:

> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the BOP that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

---

[1] Mr. Meyer filed duplicate motions for compassionate release on both Case No.'s 1:14-cr-00148-01-MC and 1:15-cr-00175-02-MC. For brevity, The ECF No.'s cited within this opinion and order refer to the docket for Case No. 1:14-cr-00148-01-MC. And for the reasons within this Opinion and Order, Mr. Meyers Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 150, for Case No. 1:15-cr-00175-02-MC, is also DENIED.

1 – OPINION AND ORDER

18 U.S.C. § 3582(c)(1)(A).

For now, "the Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, No. 20-10245, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021) (per curiam). Yet while U.S.S.G. § 1B1.13 is not binding, "[t]he Sentencing Commissions statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for [compassionate release] motions filed by a defendant." *Id.* (citing *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020)). "[U.S.S.G. § 1B1.13(2)] recommends that courts not reduce sentences of individuals who would present a danger to the community upon release . . . and the Court finds that to be an appropriate consideration." *United States v. Blick*, No. CR17-0216-JCC, 2021 WL 1313110, at *1 (W.D. Wash Apr. 8, 2021) (citing *United States v. Arceneaux*, 830 F. App'x 859 (9th Cir. 2020) (affirming denial of a compassionate release motion because the defendant remained a danger to the community)).

## **DISCUSSION**

Mr. Meyer is 37 years old and suffers from heart disease, obesity, hyperlipidemia, and a history of smoking. Def.'s Mot. to Reduce 15–20, ECF No. 35. Mr. Meyer argues that his health conditions make him vulnerable to COVID-19. *Id*. But Mr. Meyer has received both doses of the Moderna vaccine. Def.'s Reply 1, ECF No. 44. Even so, Mr. Meyer argues that he is still vulnerable to COVID-19 because of the spread of vaccine-resistant variants. *Id*. at 6.

The Government argues Mr. Meyer has failed to establish extraordinary and compelling reasons warranting a sentence reduction. Gov.'s Resp. to Def. Mot. to Reduce 3, ECF No. 38. Essentially, while the Government concedes that Mr. Meyer's health conditions increase the possibility of a severe COVID-19 infection, the Government contends that Mr. Meyer is not significantly at risk to infection because he has been fully vaccinated. *Id*. at 4. The Government

also notes that the conditions within FCI Sheridan do not warrant release because of the increasing number of fully vaccinated inmates and the declining number of positive cases within the prison. *Id*. at 4–5.

The Court agrees with the Government. FCI Sheridan currently has no active COVID-19 case among inmates. *See* BOP COVID-19, www.bop.gov/coronavirus (last visited Apr. 27, 2021). Mr. Meyer received two doses of the Moderna vaccine on January 13 and February 10. ECF No. 41 at 25, 31. "According to the CDC, the Moderna vaccine is exceptionally safe and effective, preventing 94.1% of infections in clinical trials." *United States v. Smith*, NO. 17-CR-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021). Mr. Meyer argues that there are vaccine-resistant variants of COVID-19 which pose a significant risk, but clinical data from the CDC shows that the Moderna vaccine is effective at preventing COVID-19 infection. Def.'s Reply 2–6, ECF No. 159; Moderna (April 5, 2021), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Moderna.html ("The [Moderna] vaccine appeared to have high effectiveness in clinical trials (efficacy) among people of diverse age, sex, race, and ethnicity categories and *among persons with underlying medical conditions*." (emphasis added)). Because of Mr. Meyer's vaccination and the low infection rate at FCI Sheridan, "the Court concludes that [Mr. Meyer] has not proven 'extraordinary and compelling reasons' justifying his release pursuant to 18 U.S.C. § 3582(c)(1)(A)." *United States v. Cardoza*, No. 3.17-cr-00438-JO, 2021 WL 932017, at *1 (D. Or. Mar. 11, 2021) (Jones, J.) (citations omitted).

Mr. Meyer's other arguments are also unavailing. While Mr. Meyer refused to meet with an outside cardiologist because of his concern of contracting coronavirus, Mr. Meyer is now vaccinated against COVID-19. Thus, Mr. Meyer's risk of contracting COVID-19 when seeking medical help is greatly diminished. Mr. Meyer also argues for compassionate release to help care

for his mother, a cancer survivor. *See* Ex. E., 1–2, 6, ECF No. 35. The Court commends Mr. Meyer on his desire to help his mother, but the Court still finds that Mr. Meyer has not shown extraordinary and compelling reasons warranting a sentence reduction.

## **CONCLUSION**

For the reasons stated above, Mr. Meyer's Motion to Reduce Sentence, ECF No. 37, is DENIED.

IT IS SO ORDERED.

DATED this 11th day of May 2021.

 s/Michael J. McShane
Michael J. McShane
United States District Judge